No. 25-60079

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS, LUMINANT GENERATION COMPANY, LLC, and LUMINANT MINING COMPANY, LLC,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, United States Environmental Protection Agency,

*Respondents*.

PETITIONERS' UNOPPOSED JOINT MOTION
FOR VOLUNTARY DISMISSAL OF PETITIONS FOR REVIEW

Pursuant to Federal Rule of Appellate Procedure 42(b) and Fifth Circuit Rule 42.1, Petitioners[1] move for dismissal of their petitions for review in the above-captioned cases as moot, with each party to bear its own costs. In accordance with Fifth Circuit Rule 27.4, Petitioners have conferred with counsel for Respondents, and they do not oppose this request. In support of this motion, Petitioners state as follows:

---

[1] This motion is filed jointly by all Petitioners in the above-captioned case.

1. This case involves a determination by the U.S. Environmental Protection Agency ("EPA") that an area within Rusk and Panola Counties, Texas, had failed to attain the 2010 sulfur dioxide ($SO_2$) National Ambient Air Quality Standard ("NAAQS"). 89 Fed. Reg. 101,894 (Dec. 17, 2024) ("Final Rule"). The basis for the Final Rule stemmed from EPA's $SO_2$ nonattainment designation of the Rusk-Panola Counties area, 81 Fed. Reg. 89,870 (Dec. 13, 2016) ("Rusk-Panola Nonattainment Designation").

2. The case was held in abeyance on March 11, 2025, at EPA's request in order for the new Administration to review the underlying actions and issues. Doc. 23-1. No briefing has taken place in the case.

3. As reported by EPA (Doc. 43 at 2), "[o]n May 16, 2025, this Court, on reconsideration, vacated the Rusk-Panola Nonattainment Designation" and remanded to the agency. *Texas v. EPA*, 137 F.4th 353 (5th Cir. 2025).

4. In light of the Court's decision, EPA took final action to withdraw the Final Rule, *see* 90 Fed. Reg. 42,831 (Sept. 5, 2025) ("Withdrawal"), and the deadline for seeking judicial review of the Withdrawal has now passed. As EPA explained in the Withdrawal: "As a result of the court's decision in *Texas v. EPA*, the Rusk Panola area no longer retains a nonattainment designation and therefore the EPA is withdrawing the . . . December 2024 [Final Rule]." *Id*. at 42,832; *see also id*. ("Promulgation of this rule soon after the court's decision serves to clarify that the

2

vacatur of the nonattainment designation also serves to eliminate the basis for, and therefore requires a withdrawal of, the [Final Rule].").

5. Further, the other lawsuit involving EPA's statutory obligations with respect to the Rusk-Panola Nonattainment Designation has now been resolved. *See* Doc. 36 at 3-4 (discussing *Sierra Club v. EPA*, No. 3:23-cv-780 (N.D. Cal.) ("California Lawsuit")). On November 21, 2025, Respondents filed a motion in the California Lawsuit to terminate the consent decree that had been entered in that case that was related to EPA's statutory obligations with respect to the Rusk-Panola Nonattainment Designation. *See* Unopposed Motion to Terminate Consent Decree, Doc. 53, *Sierra Club v. EPA*, No. 3:23-cv-780 (N.D. Cal.). In that motion, EPA explained that, in light of this Court's decision, "the finding of failure to submit which forms the basis for this Consent Decree is no longer valid, and there is no legal basis for EPA's Consent Decree obligation." *Id*. at 4. On December 1, 2025, the U.S. District Court for the Northern District of California granted EPA's motion and dismissed the California Lawsuit with prejudice. *See* Order, Doc. 56, *Sierra Club v. EPA*, No. 3:23-cv-780 (N.D. Cal.).

6. Given these developments, the present case is now moot. As this Court has explained: "The mootness issue often arises where, as here, a statute or regulation is amended or repealed after [petitioners] bring a lawsuit challenging the legality of that statute or regulation. In that case, mootness is the default." *Freedom*

3

*From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023). That is the case here. As EPA has conceded, EPA "no longer has the authority to uphold" the Final Rule that is the subject of the present case, and "[t]he CAA requirement for Texas to submit a revised SIP for the Rusk Panola area demonstrating attainment . . . and the requirement for the Rusk Panola area to attain under an updated attainment date . . . are no longer applicable." 90 Fed. Reg. at 42,832. "As such, a live controversy no longer exists, and the case is thus moot." *Freedom From Religion Found.*, 58 F.4th at 833. If EPA takes a *new* action in the future with respect to the Rusk Panola area, any aggrieved party can file a new petition for review in this Court at that time. *See* 42 U.S.C. § 7607(b).

7. Accordingly, the Court should dismiss the petitions for review as moot, with each party to bear its own costs.

Respectfully Submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Managing Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioners Luminant Generation Company LLC and Luminant Mining Company LLC*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

s/ John R. Hulme
JOHN R. HULME
Special Counsel
State Bar No. 10258400
John.Hulme@oag.texas.gov

Office of the Attorney General of Texas
P.O. Box 12548 (MC-066)
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

*Counsel for Petitioner State of Texas*

5

# CERTIFICATE OF SERVICE

On January 15, 2026, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

Dated: January 15, 2026

                                                  Respectfully submitted,

                                                  s/ P. Stephen Gidiere III
                                                  *Counsel for Petitioners Luminant*
                                                  *Generation Company LLC and*
                                                  *Luminant Mining Company LLC*

# CERTIFICATE OF COMPLIANCE

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 735 words, excluding the parts of the document exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Times New Roman) using Microsoft Word (the same program used to calculate the word count).

Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: January 15, 2026

                                              Respectfully submitted,

                                              s/ P. Stephen Gidiere III
                                              *Counsel for Petitioners Luminant*
                                              *Generation Company LLC and*
                                              *Luminant Mining Company LLC*